UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERTO GARCIA, | § |
| *Plaintiff*, | § |
| v. | § Civil Action No. SA-16-CV-1175-XR |
| SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, CITY OF SAN ANTONIO, JULIO ORTA Individually and in his Official Capacity, CHIEF WILLIAM MCMANUS, | § |
| *Defendants*. | § |

**ORDER**

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed February 1, 2018, (Docket no. 53) and Plaintiff Roberto Garcia's objections thereto (Docket no. 57). After careful consideration, the Court will ACCEPT Magistrate Judge Bemporad's recommendation, GRANT IN PART AND DENY WITHOUT PREJUDICE IN PART Defendants' Motions to Dismiss (Docket nos. 41, 47), DISMISS Plaintiff's § 1983 claims as barred by limitations, DECLINE to exercise jurisdiction over Plaintiff's related state claims, and DENY AS MOOT Plaintiff's Motion to Amend Complaint (Docket no. 38) and "Dispositive Motion" (Docket no. 42).

**BACKGROUND**

Plaintiff filed this case asserting civil rights claims under 42 U.S.C. § 1983 and related state law claims. Docket no. 3. Plaintiff alleges that on July 17, 2014, he was at his sister's house when a female friend came over to talk to him. *Id.* at 3. The friend allegedly asked Plaintiff to

1

drive her to a friend's house, to which Plaintiff responded he was too tired to drive, and the friend drove them both instead. *Id.* During the drive, the car allegedly began to overheat, and they pulled over to let the car cool down. *Id.* The friend left to go get help, and Plaintiff moved into the driver's seat, where he fell asleep. *Id.*

Plaintiff was allegedly awoken by police officers knocking on the car window. *Id.* The officers allegedly asked Plaintiff to exit the vehicle, and Plaintiff stated that he was having car problems. *Id.* Defendant Officer Orta allegedly arrived at the scene and asked Plaintiff where he was coming from and whether he had been drinking. *Id.* at 4. Plaintiff alleges that although there was no evidence that he was intoxicated, Officer Orta arrested him, placed him in the back of the police car, and took him to the police station. *Id.* Plaintiff states that the criminal charges brought against him were dismissed on December 4, 2015. *Id.* at 5.

Plaintiff brings § 1983 claims alleging that he was detained without reasonable suspicion, subjected to an unreasonable search and seizure, had his expectation of privacy violated, was arrested and sent to a detention center without probable cause, charged with a DWI without any evidence, and retaliated against for previously filing a complaint against another police officer. *Id.* at 8. Plaintiff also brings state law claims for malicious prosecution and intentional infliction of emotional distress. *Id.* at 10–11.

On November 1, 2017, Plaintiff filed a Motion to Amend, Docket no. 38, and on November 20, 2017, he filed a "Dispositive Motion." Docket no. 42. On November 13, 2017, Defendants Julio Orta and William McManus filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(c), arguing in part that Plaintiff's claims are barred by the statute of limitations. Docket no. 41. On December 15, 2017, Defendant City of San Antonio filed a

2

Motion to Dismiss, arguing the same. Docket no. 47. All motions were referred to Magistrate Judge Bemporad.

Magistrate Judge Bemporad issued a Memorandum and Recommendation evaluating the pending motions on February 1, 2018. Docket no. 53. Judge Bemporad found Plaintiff's § 1983 claims are barred by the statute of limitations and should be dismissed. *Id.* at 3. Judge Bemporad found that this Court should decline to exercise jurisdiction over Plaintiff's remaining state law claims. *Id.*

Pursuant to Rule 72(b), the parties were given fourteen days to file written objections to the Report and Recommendation. On February 13, 2018, Plaintiff timely filed an objection. Docket no. 57. Plaintiff objects to Judge Bemporad's recommendation that his federal claims be dismissed as barred by the statute of limitations.

## LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982).

Plaintiff filed his objection to the Magistrate Judge's recommendations before the expiration of the fourteen-day deadline. As a result, the Court now conducts a *de novo* review.

## ANALYSIS

### I. Plaintiff's § 1983 Claims

A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Nat'l Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

Defendants argue that Plaintiff's federal claims should be dismissed as barred by the statute of limitations. Congress has not provided a statute of limitations for claims brought under § 1983. Instead, federal courts apply the general personal injury statute of limitations of the forum state. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the statute of limitations period for personal injury claims is two years from the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003(a). A cause of action brought under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). For a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where criminal proceedings follow the arrest, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Plaintiff objects and argues that equitable tolling should apply when a false arrest claim is related to a § 1983 prosecution claim. *See Price v. City of San Antonio, Tex.*, 431 F.3d 890, 894 (5th Cir. 2005) (citing *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995)) ("Additionally, we have held that when false arrest claims are brought in conjunction with [§ 1983 prosecution claims], the false arrest claims are 'essentially part' of the prosecution claims and therefore accrue at the same time.") The Fifth Circuit, however, has held that to the extent that *Price* supports Plaintiff's argument, *Price* is no longer good law. *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (citing *Wallace*, 549 U.S. at 384) ("To the extent that *Wallace* conflicts with our decision in *Brandley* . . . (holding that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), *Wallace* abrogates *Brandley*.").

Plaintiff states he was arrested on July 17, 2014, so the two-year statute of limitations began to run on that date. Plaintiff, however, did not file his Complaint until November 21, 2016,

5

which is beyond the two-year statute of limitations. Accordingly, Plaintiff's § 1983 claims are barred by the statute of limitations.

## II. Plaintiff's State Law Claims

Plaintiff raises additional state law claims for malicious prosecution and intentional infliction of emotional distress. Defendants argue that Plaintiff's state law claims should be dismissed. The Court, however, does not reach the merits of these arguments because it declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

A district court "may decline to exercise supplemental jurisdiction over a claim" if the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The court's "decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). In determining whether to exercise or relinquish jurisdiction, the Court looks not only to the statutory factor in § 1367(c)(3), but also "to the common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011) (citing, *inter alia*, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[N]o single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

"The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Accordingly, absent particular circumstances counseling the Court's exercise of supplemental jurisdiction, policy considerations favor dismissal. As the Fifth Circuit has repeatedly explained, it is "certainly fair to have had the purely Texas state law claims heard in Texas state court," and "'important

6

interests of federalism and comity' [must] be respected by federal courts, which are courts of limited jurisdiction and 'not as well equipped for determinations of state law as are state courts.'" *Enochs*, 641 F.3d at 160 (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992)).

If the Court chooses to decline to exercise supplemental jurisdiction over pendent state law claims, such dismissal must be without prejudice. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). Any applicable state-law limitations period is tolled by 28 U.S.C. § 1367(d), both during the time the federal case was pending and for a period of thirty days after dismissal. *See Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, (2003). In this case, there are no special circumstances counseling retention of jurisdiction over Plaintiff's state law claims. Accordingly, the Court dismisses Plaintiff's state law claims without prejudice under § 1367(c).

## CONCLUSION

For the foregoing reasons, the Court ACCEPTS the Magistrate Judge's recommendations. The Court hereby GRANTS IN PART AND DENIES WITHOUT PREJUDICE IN PART Defendants' Motions to Dismiss (Docket nos. 41, 47). Plaintiff's §1983 claims are hereby DISMISSED as barred by limitations. Plaintiff's Motion to Amend Complaint (Docket no. 38) and "Dispositive Motion" (Docket no. 42) are DENIED AS MOOT. The Clerk is directed to CLOSE this case.

It is so ORDERED.

SIGNED this 2nd day of March, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE